FILED 22 NOV '11 13:04 USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

Portland Division

DONNA M. HANSEN                              3:10-CV-3061-MA

       Plaintiff,                        OPINION AND ORDER

v.

MICHAEL ASTRUE,
Commissioner of Social
Security,

       Defendant.

ARTHUR W. STEVENS, III
Black, Chapman, Webber & Stevens
221 Stewart Ave., Suite 209
Medford, OR 97501
(541) 371-9636
772-9850

       Attorney for Plaintiff

DWIGHT C. HOLTON
United States Attorney
ADRIAN L. BROWN
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902
(503) 727-1003

1 - OPINION AND ORDER

KATHRYN A. MILLER
Special Assistant United States Attorney
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, WA  98104-7075
(206) 615-2240

    Attorneys for Defendant

MARSH, Judge.

    The matter is before the court on plaintiff's Amended Motion (doc. 25) to Allow EAJA Fees and Expenses in the total amount of $6,919.45, following this court's July 7, 2011, Opinion and Order remanding this case to the Commissioner to obtain further medical evidence as to whether plaintiff suffers from a Somatoform disorder and/or any other mental impairment that, in combination with her other impairments, precludes her from engaging in substantial gainful activity.  The Commissioner opposes the motion, arguing that his position in both the administrative proceedings and this litigation was substantially justified.

    Under the Equal Access to Justice Act, a prevailing party is entitled to fees and costs incurred in "proceedings for judicial review of agency action, brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A).

    The court concludes the Commissioner was not substantially justified in making a finding that plaintiff was not disabled based in substantial part on the opinions of consulting medical

2 - OPINION AND ORDER

practitioners who questioned plaintiff's credibility, while disregarding the opinions of plaintiff's treating medical practitioners as well as two medical practitioners who examined plaintiff on behalf of the Commissioner, recommended further examination, and did not question plaintiff's credibility.

For these reasons, the court rejects the Commissioner's argument that plaintiff is not entitled to an award of attorneys fees under the EAJA.[1]

The court, therefore, **GRANTS** plaintiff's Motion to Allow EAJA Fees and Expenses (doc. 25). The Commissioner, however, shall have ten (10) days from the date this Opinion and Order is entered either to stipulate to or file a motion challenging the reasonableness of the amount of attorneys fee requested by plaintiff.

IT IS SO ORDERED.

DATED this 22 day of Nov, 2011.

*Malcolm F. Marsh*
MALCOLM F. MARSH
United States District Judge

---

[1] The Commissioner asserts he did not have sufficient time to make a decision whether to stipulate to the reasonableness of the amount of the fees requested by plaintiff before being required to file a response to the pending fee request.

3 - OPINION AND ORDER